# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 2:09-cr-147(a) & (3)** |
| **v.** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **YI CAO (1)** | | |
| **ANTHONY WANG (3),** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

This matter comes before the Court on the United States' Motion to Dismiss Indictment. (ECF No. 59). The prosecution explains that Defendants Cao (1) and Wang (3) have been a fugitives since prior to the filing of the indictment on June 9, 2009, and upon further information and belief, no longer reside in the United States. (*Id.*). Accordingly, the United States moves for leave of court to dismiss the indictment pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure.

Rule 48(a) provides, in relevant part, that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). Courts construing this rule have held that trial courts have limited discretion to deny a Rule 48(a) motion absent bad faith or indications of bad faith on the part of the prosecution. *See United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995) (holding trial courts have little discretion); *United States v. Palomares*, 119 F.3d 556, 558 (7th Cir. 1997) (a presumption that the prosecutor acts in good faith when seeking a dismissal without prejudice); *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 141 (2d Cir. 2017) (Rule 48 motions not made in bad faith and not contrary to public interest must be granted). The requirement to seek leave of court is "apparently to protect a defendant against prosecutorial harassment, e.g. charging, dismissing, and recharging, when the

1

Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, n. 15 (1977). When a trial court grants the prosecution's Rule 48(a) motion, such a dismissal is ordinarily "without prejudice to the government's right to reindict for the same offense, unless the contrary is expressly stated." *United States v. Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974), *cert. denied*, 421 U.S. 910 (collecting cases). *See also United States v. Clay*, 481 F.2d 133 (7th Cir. 1973), *cert. denied* 414 U.S. 1009.

This Court finds there is no indication that this Rule 48(a) motion was made in bad faith and it would not be contrary to the public interest to grant dismissal. Accordingly, the United States' Motion is **GRANTED**. This case is hereby **DISMISSED** for want of prosecution. This dismissal is **without prejudice**.


      **IT IS SO ORDERED.**

                                         __s/ Algenon L. Marbley__
                                         **ALGENON L. MARBLEY**
                                         **UNITED STATES DISTRICT JUDGE**

**DATED: December 5, 2019**